UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

JOSHUA ALLEN CABANAW,

    Plaintiff,

    v.                                    CAUSE NO. 3:22-CV-305-DRL-MGG

ARAMARK FOOD SERVICE *et al.*,

    Defendants.

OPINION AND ORDER

Joshua Allen Cabanaw, a prisoner without a lawyer, filed a complaint from the St. Joseph County Jail, alleging that one time he was served food containing pork on his meal tray even though it is against his religion to eat pork. ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Cabanaw alleges that he is a Muslim and does not eat pork due to his religious beliefs. Jail officials are aware of this, and he receives a Kosher meal tray to ensure his diet does not contain pork. Mr. Cabanaw alleges that his dinner tray on February 20, 2022, contained a side of pasta salad with cut-up pepperoni. He asserts that the pepperoni contained pork, though he does not state whether he ate any of it. Mr. Cabanaw filed a

grievance and was told, "The staff did not realize that there was pepperoni in the pasta salad. It was reviewed and the proper actions were taken." ECF 1-1 at 1.

A prison policy of either actually or constructively denying a pork-free diet to Muslim inmates violates their First Amendment rights. *Hunafa v. Murphy*, 907 F.2d 46 (7th Cir 1990). But Mr. Cabanaw does not allege the defendants had a policy of denying Muslim inmates a pork-free diet. In fact, the allegations in the complaint show that the St. Joseph County Jail is a non-pork facility and that this side dish came from the "staff" kitchen, rather than the pork-free "inmate" kitchen. ECF 1 at 3. Mr. Cabanaw's sole allegation is that pork appeared on his dinner tray at one meal. Mr. Cabanaw does not allege that this breach of established policy and practice was intentional on the part of any of the defendants.

Thus, even accepting Mr. Cabanaw's allegations as true, the mere fact that on one occasion his meal tray contained a pork product demonstrates, at most, negligence on the part of food service personnel. Negligence generally states no claim upon which relief can be granted in a 42 U.S.C. § 1983 action. *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994) ("Obduracy and wantonness rather than inadvertence or mere negligence characterize conduct prohibited by the Eighth Amendment."); *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (negligence or medical malpractice do not constitute deliberate indifference); *see also Hambright v. Kemper*, 705 F. App'x 461, 463 (7th Cir. 2017) (prison official's negligent failure to prepare the Eid al-Fitr feast to mark the end of Ramadan did not support liability under § 1983 for a First Amendment violation). A single, inadvertent instance of

having pork served on a meal tray does not state a claim for a violation of Mr. Cabanaw's First Amendment right to freedom of religion.

Nor does this state a claim under the Religious Land Use and Institutionalized Persons Act (RLUIPA), which prohibits governmental entities from imposing "a substantial burden on the religious exercise of a person residing in or confined to an institution . . . unless the government demonstrates that imposition of the burden on that person—(1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest." 42 U.S.C. § 2000cc-1(a); *see generally Holt v. Hobbs*, 574 U.S. 352 (2015). A government official's act imposes a substantial burden if it requires the prisoner to "engage in conduct that seriously violates his religious beliefs." *Holt*, 574 U.S. at 361 (brackets and quotation marks omitted). It imposes a substantial burden under RLUIPA for the prison to "force[] a prisoner to choose between adequate nutrition and religious practice." *Jones v. Carter*, 915 F.3d 1147, 1151 (7th Cir. 2019). But the allegations here do not plausibly meet that standard. Mr. Cabanaw makes no allegation that he was required to consume the pasta salad containing pepperoni in order to receive adequate nutrition or that this was more than a one-time mistake. Although Mr. Cabanaw was distressed by being served pork, nothing suggests this is part of an ongoing problem at the jail.

Moreover, a one-time mistake does not fit comfortably within RLUIPA's framework. "In establishing a claim under RLUIPA, the plaintiff bears the initial burden of showing (1) that he seeks to engage in an exercise of religion, and (2) that the challenged practice substantially burdens that exercise of religion." *Koger v. Bryan*, 523

3

F.3d 789, 796 (7th Cir. 2008). If the plaintiff establishes a prima facie case, the burden shifts to defendants to show "their practice is the least restrictive means of furthering a compelling governmental interest." *Id.* (quotation marks omitted). Here, Mr. Cabanaw has not satisfied his burden to establish this one-time mistake is part of a "challenged practice." The relevant dictionary definitions of the noun "practice" are (1) "actual performance or application;" (2) "a repeated or customary action;" and (3) "the usual way of doing something." *See* Merriam-Webster, https://www.merriam-webster.com/dictionary/practice. A one-time mistake does not constitute a "practice" of the jail.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). For the reasons previously explained, such is the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED.

May 5, 2022                                                            *s/ Damon R. Leichty*
                                                                       Judge, United States District Court